FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ DEC 22 2010
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

**MEMORANDUM & ORDER**

05 CR 907

RACH BABANOV,

      Defendant.
-------------------------------------------------------X

DEARIE, Chief Judge.

On December 19, 2005, defendant pled guilty pursuant to a plea agreement to possession of fraudulent postal money orders in violation of 18 U.S.C. § 500 & 3551. Under the terms of the agreement, defendant waived his right to appeal or otherwise challenge his conviction provided he was sentenced to thirty months or less in prison. During the plea proceeding before Magistrate Judge Pollak, he affirmed that his plea was knowing and voluntary, and that he had neither been threatened nor forced to plead, nor promised a particular sentence. (Plea at 22.) In addition, Magistrate Pollak informed the defendant that he retained the right to appeal if he believed his plea was involuntary or unlawful. (Plea at 20.) On July 20, 2006, this Court accepted defendant's plea and sentenced him to twenty-one months imprisonment, the bottom of the applicable United States Sentencing Guidelines range. Defendant did not appeal.

On August 31, 2010, defendant, pro se, filed papers requesting an "extension of time to file an appeal" of his sentence on several grounds, including that his plea was not knowing, voluntary and intelligent and was induced by "misrepresentation," "threat" and "promise." (Motion at 1.) He further claims that his counsel failed to inform him of his right to appeal. (Id.)

Because defendant challenges the validity of his conviction, his request for

reconsideration is properly construed as a motion pursuant to 28 U.S.C. § 2255. In <u>Adams v. United States</u>, the Second Circuit ruled that:

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

155 F.3d 582, 584 (2d Cir. 1998) (per curiam); <u>see also</u> <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003) (similarly limiting recharacterization). Accordingly, defendant is notified that his application shall be considered a motion made under 28 U.S.C. § 2255. Further, it appears that defendant's motion is time-barred under the one-year limitations period applicable to Section 2255 petitions.[1]

Defendant is directed to notify the Court in writing within thirty (30) days of the date of

---

[1] The one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

this order whether he wishes to withdraw this application. If defendant fails to notify the Court within thirty (30) days, the application shall be considered a motion under 28 U.S.C. § 2255. Any subsequent Section 2255 motion will be subject to the restrictions applicable to "second or successive" petitions.[2] Defendant is further advised that if he chooses to withdraw this application, any subsequent motion for relief under 28 U.S.C. § 2255 must be filed within the one-year statute of limitations period.

In addition, defendant must notify the Court in writing within thirty (30) days of the date of this order if he wishes to (1) amend the petition to include additional claims, or (2) submit an affirmation presenting any facts which would support equitable tolling of the statute of limitations, if applicable.

SO ORDERED.

Dated: Brooklyn, New York
December 17, 2010

RAYMOND J. DEARIE
United States District Judge

---

[2] Defendant may not bring a "second or successive" petition unless the Court of Appeals certifies that claims therein rely on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255.